## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-01010 MMM (AJWx) | Date | March 3, 2009 |

Title  *Patton v. Schneider Nat'l Carriers, Inc., et al.*

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

### I. BACKGROUND

On February 11, 2009, Michael D. Patton filed this putative class action against Schneider National Carriers, Inc., Schneider National, and Does 1 to 10.[1]  Patton worked for defendants as a local and regional driver.[2]  He seeks to represent a class of "[a]ll of Defendants' California-based, local and regional Dedicated and Intermodal drivers (or similarly titled employees) who worked for Defendants during the Relevant Time Period."[3]  Plaintiff alleges that defendants failed to pay their employees minimum wages in violation of California Labor Code §§ 221-23 and 1194; failed to provide their

---

[1] See Complaint for Damages: (1) Recovery of Unpaid Minimum Wages (Lab. Code § 1194); (2) Recovery of Unpaid Wages at the Agreed Rate (Secret Lower Wage) (Lab. Code § 221-223); (3) Failure to Provide Meal and Rest Periods (Lab. Code § 226.7); (4) Failure to Timely Furnish Accurate Itemized Wage Statements (Lab. Code § 226(a)); (5) Nonpayment of Accrued Vacation Wages (Lab. Code § 227.3); (6) Violations of Labor Code § 203; (7) Declaratory Relief; (8) Unfair Business Practices (B&PC §17200 *et seq.*) ("Complaint"), Docket No. 1 (Feb. 11, 2009).

[2] *Id.*, ¶ 9.

[3] *Id.*, ¶ 20.  Plaintiff defines the "Relevant Time Period" as the time period within four years preceding the filing of the complaint.  See *id.*, ¶ 3.  Plaintiff also identifies a subclass comprised of class members who are no longer employed by defendants.  See *id.*, ¶ 21.

employees meal and rest periods in violation of Labor Code § 226.7; failed to provide their employees accurate wage statements and/or paystubs in violation of Labor Code § 226(a); and failed to pay their employees wages and accrued vacation pay upon termination of employment.[4]

## II. DISCUSSION

### A.  Standard Governing Diversity Jurisdiction Under the Class Action Fairness Act

In 2005, Congress enacted the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4.  CAFA, which applies to actions commenced on or after February 18, 2005.  CAFA vests original jurisdiction in district courts to hear civil class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "in which[, *inter alia*,] any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2); see also *Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) ("The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2), amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant.  In other words, complete diversity is not required.  CAFA was enacted, in part, to 'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.'  Pub.L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711)").

Under CAFA, the number of members of all proposed plaintiff classes must exceed 100 in the aggregate.  28 U.S.C. § 1332(d)(5)(B).  See also *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) ("As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'  § 1332(d)(5). . . .  Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant.  § 1332(d)(2)"); *id.* at 1021 n. 3 ("The Fifth Circuit characterized § 1332(d)(5) as an 'exception' to CAFA jurisdiction conferred under § 1332(d)(2). . . .  We view § 1332(d)(5) somewhat differently. . . .  [S]atisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2).  This distinction is important because, as we address later, there are 'exceptions' to the statute in which jurisdiction otherwise exists under § 1332(d)(2) but the federal courts either *may* or *must* decline to exercise that jurisdiction.  See, e.g., § 1332(d)(3)-(4)").

---

[4]*Id.*, ¶ 5.

### B. Whether Plaintiff has Shown the Necessary Diversity of Citizenship

In his complaint, plaintiff alleges that the purported class exceeds 1,000 people.[5] Plaintiff also alleges that "more than $5,000,000 is at issue."[6] Thus, the minimum class size requirement and the amount in controversy requirement are satisfied. The remaining prerequisite to establishing jurisdiction, therefore, is a showing that the minimal diversity requirement is met.

Plaintiff has not alleged the citizenship of any class member other than himself. Plaintiff asserts that he is a "resident and domiciliary of the State of California."[7] "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted). Assuming he is a United States citizen, therefore, plaintiff is a citizen of California because he is allegedly domiciled in the state.

Regarding defendants' citizenship, plaintiff alleges that Schneider National Carriers, Inc. is a Nevada corporation that "was. . . domiciled at all times during the relevant time period in the State of California."[8] Plaintiff alleges that Schneider National is a "business of entity of unknown form that "was also domiciled at all times during the [r]elevant [t]ime [p]eriod in the State of California."[9]

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Plaintiff has not alleged the principal place of business of either defendant. Plaintiff's reference to the corporations' "domiciles," however, may be an attempt to plead defendants' principal places of business. Because a corporation is a citizen of *both* its state of incorporation and its principal place of business, plaintiff has failed to show that at least one defendant is a citizen of a different state than at least one plaintiff as required by 28 U.S.C. § 1332(d)(2)(A). Therefore, the court is in doubt as to whether it has subject matter jurisdiction to hear the action.

---

[5]Complaint, ¶ 22.

[6]*Id.*, ¶ 6.

[7]*Id.*, ¶ 8. Plaintiff does not allege the citizenship of any of the unnamed class members. Hence, the court is only able to take plaintiff's citizenship into account in its analysis.

[8]*Id.*, ¶¶ 7, 11.

[9]*Id.*, ¶ 12. Confusingly, plaintiff also asserts that Schneider National is a "business entity of unknown. . . domicile." (*Id.*, ¶ 7).

### III.  CONCLUSION

      For the foregoing reasons, the court orders plaintiff to show cause on or before **March 16, 2009**, why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to respond by **March 16, 2009**, will result in the immediate dismissal of the action.